UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BLANCA FRIAS, JORGE A. GARCIA, | § | |
| AND ARMANDO J. MARTINEZ, | § | |
| INDIVIDUALLY AND AS | § | |
| NEXT FRIEND FOR JOHN DOE 1, | § | |
| A MINOR, AND JANE DOE 1, | § | |
| A MINOR, *Plaintiffs* | § | |
| | § | Cause No. 5:19-CV-345 |
| | § | JURY TRIAL DEMANDED |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| STEELHORSE FREIGHT SERVICES, | § | |
| INC., AND RAVINDER SINGH | § | |
| *Defendants* | | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Blanca Frias, Jorge A. Garcia, and Armando J. Martinez, Individually, and as Next Friend of John Doe 1, a minor, and Jane Doe 1, a minor, hereinafter sometimes referred to as Plaintiffs, complaining of STEELHORSE FREIGHT SERVICES, INC., [hereinafter "Steelhorse"] and RAVINDER SINGH [hereinafter "Singh"], hereinafter called Defendants, and for cause of action would respectfully file their Original Complaint and show this Honorable Court as follows:

## I.

### PARTIES

1.1    Plaintiffs, Blanca Frias, Jorge A. Garcia, and Armando J. Martinez, Individually, and as

Next Friend of John Doe 1, a minor, and Jane Doe 1, a minor, are citizens of the State of Texas and residents of Bexar County in the Western District of Texas.

1.2     Defendant, SteelHorse Freight Services, Inc.   [hereinafter "SteelHorse"], is a foreign privately held company with its principle place of business at 8054 466 Ave East, High River, Alberta, T1V 1P3, Canada.  Upon information and belief, this Defendant has conducted business in the United States of America and the State of Texas in a continuous and systematic manner by providing transportation, trucking and logistics freight shipping services throughout the United States of America.  Plaintiff invokes the Federal Motor Carrier Act which requires Steelhorse Freight Services, Inc.,  to "[designate] an agent in each State in which it operates…on whom service of process issued by a court with subject matter jurisdiction may be brought…."   49 U.S.C.A. § 13304(a).  Steelhorse made the Texas designation as required by the Motor Carrier Act.  Therefore, said Defendant may be served with process by serving its agent, Jeffrey Fultz, at 10343 Sam Houston Park Drive, Suite 210, Houston, Harris County, Texas 77064.

1.3     Defendant, Ravinder Singh, is a foreign national and a citizen of the Province of Alberta, Canada.  This Defendant is a nonresident of the state of Texas.  This Defendant may be served by serving a copy of this action on the Chairman of the Texas Transportation Commission of the Texas Transportation Commission, as the agent for service of process for said Defendant, pursuant to the provisisions of the Texas Civil Practice and Remedies Code, Section 17.062, et. seq.  The residence of this Defendant, Ravinder Singh, is at P.O. Box 1281 STN Postal Box, Red Deer, Canada T4N 7B6.                                  II.

## JURISDICTION AND VENUE

2.1     This court has subject matter jurisdiction based on complete diversity of the parties.

Plaintiffs are citizens and residents of Texas, Defendants Steelhorse Freight Services, Inc. and Ravinder Singh are national citizens and residents of Alberta Province, Cananda.

2.2    Damages to the Plaintiffs exceeds $75,000.00, the minimum jurisdictional limit of this Court.

2.3    Additionally, Defendant Steelhorse engages in intentional, and/or foreseeable, continuous and systematic contacts within Texas, and Defendant is "at home" in Texas.

2.4    There is both specific and general personal jurisdiction over Defendants and exercising jurisdiction does not offend traditional notions of fair play or substantial justice.

2.5    Venue is proper and maintainable in the United States District Court for the Western District of Texas because a substantial part of the events or omissions giving rising to the claim occurred in the Western District of Texas.

III.

### FACTS

3.1    On or about July 31, 2017, Plaintiff Armando J. Martinez and his family, Plaintiffs Blanca Frias, Jorge A. Garcia, and John Doe 1, a minor, and Jane Doe 1, a minor, were traveling eastbound, in a Toyota Tacoma, along the 31700 block of Interstate Highway 10, in Boerne, Kendall County, Texas.

3.2    Suddenly and without warning, their vehicle was violently struck by a commerical vehicle driven by Defendant Ravinder Singh, who conducted faulty evasive action after veering into the right lane of the highway.

3.3    At the time of the collision, Defendant Ravinder Singh, was operating a vehicle owned by Defendant Steelhorse Freight Services, Inc.

3.4     At the time of the collision described above, Defendant Singh., was the agent, servant, and employee of Defendant Steelhorse and was acting within the scope of his authority as such agent, servant, and employee.  The Defendant Steelhorse Freight Services, Inc., is therefore liable for the acts of Ravinder Singh under the doctrine of <u>respondeat</u> <u>superior</u>.

IV.

### THE CONDUCT COMPLAINED OF

4.1     The collision and the resulting injuries and damages sustained by Plaintiffs Blanca Frias, Jorge A. Garcia, and Armando J. Martinez, Individually and as Next Friend of A John Doe 1, a minor, and Jane Doe 1, a minor, were proximately caused by one or more acts of negligence of the Defendant Ravinder Singh as follows:

   a.     In failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

   b.     In failing to timely apply the brakes to the vehicle in order to avoid the collision in question;

   c.     In driving the vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

   d.     In failing to turn his vehicle in a manner to avoid the collision in question; and

   e.     In switching lanes in an unsafe manner.

4.2     Each of the foregoing negligent acts and omissions whether taken singularly, or in any combination, was the proximate cause of Plaintiffs injuries and damages which are described hereinafter with more particularity.

4.3     Additionally, the Defendant Ravinder Singh., is liable for damages to the Plaintiffs for actions which constitute negligence <u>per se</u>, as the term is defined by law, by violating one or more

4

of the following statutes, said violation proximately causing the occurrence in question and the damages to the Plaintiffs:

      a.      Transportation Code, Section 545.060 in failing to drive within a single lane and not moving from the lane unless that movement can be made safely.

### V.

5.1    Further, Plaintiffs allege that Defendant SteelHorse Freight Services, Inc., is guilty of negligence in the following respects and particulars, to-wit:

      a.      By failing to properly train  Ravinder Singh in the performance of his job duties.

5.2    Each and all of the above and foregoing acts, both of commission and omission, were negligent and constituted negligence and were each and all a proximate cause of the collision made the basis of this suit and of the injuries and damages suffered by Plaintiffs.

### VI.

### PLAINTIFFS' DAMAGES

6.1    As a proximate result of the collision and of the aforesaid negligence of Defendant, Blanca Frias has suffered serious and permanent injuries to her body.

6.2    As a direct and proximate result of the collision and the aforesaid negligence of Defendant, Blanca Frias has incurred the following damages:

      a.      Reasonable and necessary medical expenses in the past;

      b.      Reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

      c.      Physical pain suffered in the past;

5

    d.      Physical pain which, in all reasonable probability, will be suffered in the future;

    e.      Mental anguish suffered in the past;

    f.      Mental anguish which, in all reasonable probability, will be suffered in the future;

    g.      Loss of wages in the past; and

    h.      Loss of earning capacity in the future.

6.3    As a proximate result of the collision and of the aforesaid negligence of Defendant Jorge A. Garcia has suffered serius injuries to his body.

6.4    As a direct and proximate result of the collision and the aforesaid negligence of Defendant, Jorge A. Garcia has incurred the following damages:

    a.      Reasonable and necessary medical expenses in the past;

    b.      Reasonable and necessary expenses, which in all probability, will be incurred in the future;

    c.      Physical pain suffered in the past;

    d.      Physical pain, which in all reasonable probability will be suffered in the future;

    e.      Mental anguish suffered in the past;

    f.      Mental anguish which, in all reasonable probability, will be suffered in the future;

    g.      Loss of wages in the past; and

    h.      Loss of earning capacity in the future.

6.5    As a proximate result of the collision and of the aforesaid negligence of Defendant, Armando J. Martinez  has suffered serious and permanent injuries to his body.

6.6    As a direct and proximate result of the collision and the aforesaid negligence of Defendant, Armando J. Martinez has incurred the following damages:

     a.       Reasonable and necessary medical expenses in the past;

     b.       Reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

     c.       Physical pain suffered in the past;

     d.       Physical pain which, in all reasonable probability, will be suffered in the future;

     e.       Mental anguish suffered in the past;

     f.       Mental anguish which, in all reasonable probability, will be suffered in the future;

     g.       Loss of wages in the past; and

     h.       Loss of earning capacity in the future.

6.7    As a proximate result of the collision and of the aforesaid negligence of Defendant, Armando J. Martinez, as next friend of John Doe 1, a minor, and Jane Doe 1, a minor, and the minor children have suffered serious injuries to their bodies and medical expenses.

6.8    As a direct and proximate result of the collision and the aforesaid negligence of Defendant, Armando J. Martinez, as next friend of John Doe 1, a minor, and Jane Doe 1, a minor, has incurred the following damages:

     a.       Reasonable and necessary medical expenses in the past;

     b.       Physical pain suffered in the past; and

     b.       Mental anguish suffered in the past.

VI.

**JURY DEMAND AND PRAYER**

7.1    Plaintiffs requests a trial by jury

7.2    Plaintiffs seek to recover pre-judgment and post-judgment interest as allowed by law.

7.3     WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that on final hearing of this cause, Plaintiffs have Judgment against Defendants for an amount within jurisdictional limits of this Court as stated above; for costs of suit; for interest on the Judgment; for pre-judgment interest; and for such other and further relief, in law or in equity, to which the Plaintiffs and minor Plaintiffs may show just entitlement.

Respectfully submitted,

LAW OFFICES OF FIDEL RODRIGUEZ, JR.
111 Soledad, Suite 1300
San Antonio, Texas 78205
(210) 224-1057; Telephone
(210) 224-0533; Facsimile


BY:     */S/ NADINE G. RODRIGUEZ*
        NADINE G. RODRIGUEZ
        State Bar No. 24096572
        Email: nadine@fidrodlaw.com
        FIDEL RODRIGUEZ, JR.
        State Bar No. 17145500
        fidel@fidrodlaw.com
        ATTORNEYS FOR PLAINTIFFS